### SALLY GRAHAM V. THE STATE.

*No. 6311.   Decided May 29.*

**Adultery—Evidence.**—On the trial of the accused woman for adultery with Dave Graham, a State's witness testified that during the illness of the husband of the accused and in the presence of the accused and Dave Graham the said husband said that he de-

sired the witness to remain and administer medicine to him; that he was afraid to trust his wife (the defendant) and Dave Graham; that the witness did not know what went on there when he (the husband) was alone with the defendant and Dave Graham, and that on such occasions they aggravated him all they could.   To this evidence the defense objected, first, that it is hearsay; second, that it is irrelevant; and, third, that inasmuch as the husband could not testify against the wife, his said statement, though made to the witness in the presence of the accused, could not be proved for the State.   *Held*, that the second objection is alone maintainable.   But the evidence though irrelevant because uncertain, its admission, in view of the whole proof, constitutes immaterial error.

APPEAL from the County Court of Collin.   Tried below before Hon. M. W. Johnson, County Judge.

The opinion states the nature of the case.   The penalty assessed against the appellant was a fine of one hundred dollars.   It is not essential to this report that the evidence adduced on the trial be summarized.   Though circumstantial, it is nevertheless conclusive of the defendant's guilt, establishing the fact that Dave Graham lived at the house of herself and husband, frequently slept with defendant on the same pallet and under the same quilt.   It was shown by several witnesses that on one occasion at least while in bed with Dave Graham she was discovered submitting her private person to the fondling of Dave Graham.   One witness testified that on one occasion prior to the death of her husband he discovered the defendant lying on the ground with Dave Graham upon her, but he did not observe penetration of her person by Dave's male organ.

*Garnett, Muse & Mangum,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This was a conviction for adultery.   The indictment charges that Dave Graham and Sally Graham did live together and have carnal intercourse with each other, the said Sally being a married woman. The second count being "that the said Dave Graham and Sally Graham, both being unmarried, did live together and have carnal intercourse with each other."

It appears that Dave Graham was the first cousin of John Graham, who was the husband of Sally Graham, the appellant.   John Graham died some time in March, 1888.   Before his death Dave had been living with him—John being sick several weeks before he died.   On the 4th of July, 1888, six days before this case was called for trial, Sally and Dave married.

Adultery is charged between these parties, Dave and Sally, on the 1st of February, 1888, before the death of John Graham.   Fornication between the parties is alleged on the same day, but the proof is confined to acts of the parties subsequent to John's death.

Upon the trial, over objection, the State proved by Hudson that John

Graham, the former husband of Sally, stated to Hudson, in the presence of the defendant and Dave Graham, that he (John) desired him (Hudson) to remain with him and give him his medicine; that he would take anything witness would give him; that he was afraid to trust his wife, Sally Graham, and Dave Graham; that he, witness, did not know what went on there when he was alone with them; that they aggravated him all they could.

The objections are (1) that this is hearsay, (2) irrelevant, (3) that as John could not be a witness against his wife, what he said could not be used in evidence, though said in presence of the accused.

This is not hearsay, but we are of opinion that the testimony is irrelevant, because it is uncertain in its character. If John Graham had reference to the lewd conduct of his wife and Dave, then the facts would be relevant as a circumstance tending strongly to corroborate the other criminative facts. But as a great many things may have been done and said by appellant and Dave calculated to destroy John's confidence in his wife, and which did not involve the virtue of his wife, John may have alluded to these. Hence there is a want of certainty—not cogency or strength—in this testimony. It is not at all certain that John had reference to acts of lewdness showing illicit intercourse or a disposition on their part to have such intercourse.

The Assistant Attorney-General urges that conceding for the argument that this matter was incompetent, it is without injury. Appellant was convicted of adultery, the lowest fine being imposed. In addition to the most convincing circumstances showing guilt a witness swears positively to the fact, and no honest jury under such proof could do otherwise than convict.

The third objection to this evidence is not well taken. Let it be conceded that if John were living he could not be a witness against the appellant, still if appellant had confessed her guilt to him in the presence of another, while John could not swear to this the other person could.

Objection is urged to the charge because in defining adultery the court embraces habitual intercourse. This, however, is cured when the law is directly applied to the case.

We find no error requiring a reversal, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.