## F. J. CURD v. THE STATE.

### No. 5638. Decided January 28, 1920.

**1.—Willfully Refusing to Support his Own Children—Husband and Wife.**

A divorced wife of one accused is competent against him in any character of case and she may testify to any matters which are not confidential communications, and the mere fact that she was his wife when the matters sought to be elicited occurred would not *prima facie* make such matters privileged. Following: White v. State, 40 Texas Crim. Rep., 371, and other cases

**2.—Same—Husband and Wife—Statutes Construed—Rule Stated.**

The law making the wife incompetent to testify against her husband, as to privileged communication, is purely statutory and the husband or wife is entirely competent to testify to all relevant facts in a prosecution for wife desertion, or for failure to support the minor children, under article 640c, Vernon's Code, and there was no error in permitting her to do so.

**3.—Same—Evidence—Attitude of Defendant—Similar Testimony.**

Upon trial of wilfully refusing to support defendant's minor children, there was no error in admitting testimony that after defendant had filed divorce proceeding against his wife and the latter had gone to the house of defendant's father for shelter and support, the latter employed an attorney to represent her in said divorce suit; besides, similar testimony had been admitted without objection.

**4.—Same—Evidence—Attitude of Defendant—Same Testimony.**

Upon trial of defendant for wilfully refusing to support his minor children, there was no error in admitting testimony that defendant filed a suit for divorce before he had lived in said county six months, to show his attitude for his indifference and neglect of his wife and children.

**5.—Same—Evidence—Attitude of Defendant—Harmless Error.**

Upon trial of defendant for wilfully refusing to support his minor children, where the evidence showed that defendant's wife after he had filed a suit for divorce against her, went to the father of defendant's house for shelter and support, there was no error in admitting testimony that said wife had a miscarriage there, caused by the cruel treatment of defendant; besides, similar testimony was admitted without objection and the above testimony could at the most be harmless error.

**6.—Same—Evidence—Argument of Counsel—Practice in County Court.**

While the closing argument for the State was being made, the defendant asked that he be given the privilege of taking the witness stand and explaining a part of the testimony, in regard to which he contended the prosecuting attorney was in error, which the trial court refused, there was no reversible error, no abuse of discretion appearing.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of defendant for wilfully refusing to support his minor children, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the County Court at Law No. 2 of Harris. Tried below before the Hon. Roy F. Campbell, judge.

Appeal from a conviction of wilfully refusing to support his minor children; penalty, a fine of one hundred dollars and six months confinement in the county jail.

The opinion states the case.

*B. Palmer,* for appellant.—On question of husband and wife: Brock v. State, 44 Texas Crim. Rep., 335; Davis v. State, 45 id., 292; Eads v. State, 74 Texas Crim. Rep., 628, 170 S. W. Rep., 145.

*Alvin M. Owsley,* Assistant Attorney General, and *E. T. Branch,* for the State.—On question of court's refusal to recall a witness: Wilson v. State, 37 Texas Crim. Rep., 373; Lister v. State, 3 Texas Crim. App., 17.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law No. 2, of Harris County, Texas, of the offense of wilfully refusing to support his two children, aged respectively, one and two years, and his punishment fixed at a fine of $100, and six months' confinement in the county jail.

The date of appellant's trial was May 27, 1919. His divorced wife was a witness against him, and to her testimony objection was urged by bill of exceptions No. 1. Therefrom, it appears that when said wife was placed on the stand by the State, she stated that she was the wife of defendant until May 17, 1919; whereupon appellant objected to her giving any testimony as to matters transpiring prior to said date, the ground of said objection being stated in the bill as follows:

"Because she having been defendant's wife at the time of the occurrence of the things concerning which she was asked to testify, came into possession of her knowledge concerning such matters as the wife of defendant, that all such knowledge was hers by reason of the marital relation and came to her through privileged communications concerning which she could not lawfully testify against her husband except for some offense of violence against her own person."

The objection so stated in said bill is not tenable in any event. The divorced wife of one accused is competent against him in any character of case, and she may testify to any matters which are not confidential communications, and the mere fact that she was his wife when the matters sought to be elicited, occurred, would not *prima facie* make such matters privileged. Branch's An. P. C. Sec. 51, and authorities cited; White v. State, 40 Texas Crim. Rep.. 371; Cole v. State, 48 Texas Crim. Rep., 446; Bryan v. State, 63 Texas Crim. Rep., 200, 139 S. W. Rep., 981.

We further observe that the law making the wife incompetent to testify against her husband, as to privileged communications, is

purely statutory. See Articles 794-795, Vernon's C. C. P. and that a subsequent enactment to those mentioned above makes the husband or wife competent to testify to all relevant facts in a prosecution for wife desertion, or for failure to support the minor children, by the terms of the Act under which this charge was laid. See Article 640-C, Vernon's Penal Code.

It is undisputed in this case that appellant and his wife separated in December, 1918, and that later he filed a suit for divorce; that the attorney who represented appellant in the bringing of said divorce suit, drew up an agreement for the parties, which was to be incorporated in any judgment rendered; that appellant became dissatisfied with said attorney, and procured another, whose name did not appear in the proceedings, and obtained his divorce without incorporating said agreement in the judgment, and without further notice of any kind to his wife, that they were going to take up and try said case; that on the same day the divorce was granted appellant, he married one Delma Green, to whom the evidence cogently suggests that he had been paying attention even while living with his former wife; that at the time of the separation in December, 1918, because of having no money or means of support, the wife and two little children of appellant were taken into the home of his father, and by him supported; that the father testified as a witness for the State herein, giving evidence to the effect that his daughter-in-law came to his home on the day of said separation, because appellant drove her away from their home when she was sick, and that shortly thereafter she had a miscarriage, caused by the cruel treatment of appellant, and that appellant neglected her, and failed to provide for her, and that she was dependent upon him, the father-in-law; and further, that appellant had filed a suit for divorce without having lived in Harris County six months, and that he, appellant's father, employed an attorney to represent the wife.

Appellant's second bill of exceptions was reserved to the action of the trial court in allowing the State to show by appellant's father, that he had employed an attorney to represent the said wife in said divorce suit. In our opinion this evidence was admissible for what it was worth, as showing the destitute and necessitous condition of the wife and children of appellant. The children were mere infants, and their well being, and practically their lives, were intimately connected with the wife of appellant, and whatever affected her necessarily affected them; and appellant, having sued her, the services of an attorney became necessary, and that one was employed for her by appellant's father, was a circumstance to be considered. In this connection, we observe that the wife of appellant had testified without objection, that the divorce suit had been brought, and an attorney had been employed.

Likewise, we think the fact was admissible that appellant filed suit for divorce in Harris County against his wife, before he had lived in said county six months, and that, hence, said suit was brought at a time and place, when and where, he had no legal right to file same and obtain said divorce. A charge of deserting his wife and children and failure to support and provide for them, necessarily involved the entire attitude of the accused toward them, and any fact or circumstance from which his attitude of indifference, dislike, neglect, or desire to be free from, or rid of them, may be introduced in evidence.

As to the objection to allowing the father of appellant to testify that the wife had a miscarriage at his house, and that same was caused by the cruel treatment of appellant, we note that the same testimony had been given by the wife of appellant without objection, and was before the jury. The fact was admissible for the reason just given, as showing the attitude of appellant toward his wife and family, and, having been given in evidence without objection, would make the statement of the father harmless.

While the closing argument for the State was being made, the appellant asked that he be given the privilege of taking the stand and explaining a part of the testimony, in regard to which he contended, the prosecuting attorney was in error. The trial court refused to allow this, and the matter is presented here as a ground for reversal. We do not think such action on the part of the trial court was any abuse of his discretion in this matter. It is true that evidence may be heard at any time before the argument is concluded. Art. 718, Vernon's C. C. P., but it need not be allowed out of its usual and customary place in the order of a trial of a cause, except it become necessary to the due administration of justice. No such necessity here existed. The attorneys differed as to what they thought appellant had testified to, but the jury are the ones to pass upon such matters, and they may have the evidence repeated if the matter is not clear to them, but we know of no rule that would require the court to put a witness back on the stand, about whose testimony only the attorneys have differed.

We think the evidence amply supports the verdict. The two children of appellant were mere babies, and for their support and that of his wife, appellant is shown to have contributed $115 in approximately six months prior to the time of the institution of this suit. His treatment of them was such as to cause his own father to show a commendable spirit of condemnation toward him, and a desire to prevent the wife and helpless babies of his son from becoming objects of alien charity. During the time covered by the evidence, approximately $400. was made and spent by appellant upon his own matters. The proof strongly upholds the theory that during this time appellant was paying attentions to the woman whom he married on the very day he got his divorce,

which divorce seems to have been gotten not only in fraud of our laws, but also of the agreement entered into by his attorney of record.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*