### Joe Pybus v. The State.

#### No. 7241.   Decided May 2, 1923.

#### Rehearing Denied June 6, 1923.

**1.—Child Desertion—Evidence.**

Upon trial of child desertion there was no error in admitting testimony that defendant's wife was in delicate health at the time the defendant left her, and that her second child was born some two months after defendant left her, to show that the abandonment was wilful, etc.

**2.—Same—Letter—Wife's Intent to Care for Child.**

Upon trial of child desertion there was admitted in evidence a letter from the defendant to his wife, about the time of his leaving in which he stated that he did not know whether he would ever come back to the wife and child anymore, and directing his wife to let his father and mother take care of the child, this did not prove the proposition that the wife wanted to keep the child, and was unwilling to contribute to his support or take care of him.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of child desertion, the evidence was sufficient to support the conviction, there is no reversible error.

**4.—Same—Charge of Court—Rule Stated.**

In construing any phrase or paragraph or portion of the court's charge, the entire charge must be looked to, and when this is done in the instant case and in connection therewith the requested charge is also considered, there is no reversible error.

**5.—Same—Requested Charge—Provision to Care for Child.**

Where, upon trial of child desertion, defendant complained of the refusal by the court of a requested charge to the effect that if he had provided a place with his parents where his wife and child could stay and be provided for, that he should be found not guilty, but the evidence raised no such issue, there was no error in refusing same.

**6.—Same—Rehearing—Sufficiency of the Evidence—Condition of Wife.**

This court is unable to get away from the proposition that one who leaves his minor child at a time when its mother is incapable of working and making a living for it and herself, that the jury are not entitled to consider such facts, and there was no error to admit testimony as to the delicate condition of the wife at the time he left her.

**7.—Same—Sufficiency of the Evidence.**

This court is not led to believe that the verdict of the jury in the instant case is without support by the facts in evidence, or that it reflects prejudice or passion on the part of the jury, and the motion for rehearing is overruled.

Appeal from the County Court of Wilbarger. Tried below before the Honorable E. L. McHugh.

Appeal from a conviction of a charge of desertion; penalty, five months confinement in the county jail.

Opinion states the case.

*Cook & Cook* and *Robert Cole*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Wilbarger County of child desertion, and his punishment fixed at five months in the county jail.

By his first bill of exceptions appellant presents his complaint of the action of the trial court in permitting his wife to testify that she was in delicate health at the time appellant left her, and her further statement that her second child was born some two months after appellant left. In our opinion the State was entitled to prove all of the circumstances and surroundings of appellant's wife and baby son, the desertion of the latter being the question involved. Such surroundings and circumstances may have weighty bearing upon the proposition as to whether such child was left in destitute and necessitous circumstances, and we can conceive of a case in which it might have legitimate bearing on the question as to whether the abandonment was wilful. A letter from appellant to his wife about the time of his leaving was introduced in which he stated that he was going to the Davis Mountains and did not know whether he would ever come back to them any more, and directing his wife to let appellant's father and mother have their little son Luther

Joe as they could take care of him better than the wife could, and asserting that if she did not let them have him that appellant was going to keep him half the time any way. If appellant's wife had been in a condition to work and had been working and earning money out of which the child might be supported and cared for, there would seem little doubt of the admissibility of testimony of such fact as tending to rebut the proposition that she wanted to keep the child and was unwilling to contribute to his support, or take care of him.

Appellant presented a special instruction asking that he be acquitted upon the ground that the evidence was insufficient to support the proposition that he had wilfully and without justification deserted, neglected and refused to provide for the support and maintenance of said child. This complaint brings into review the sufficiency of the testimony, which was also complained of in appellant's motion for new trial.

There is no suggestion in this record of appellant's physical inability to do any kind of manual or other labor. He left his wife and child about December 1, 1921, leaving them at his father's house. Appellant's wife testified there three or four days after her husband went away that his brother carried her and her little boy to her mother's home, telling her that they could not keep her and also telling her that her husband was not coming back. This was about two weeks before she received the letter from appellant above mentioned. A week or two after that appellant's mother sent to her some dresses for the little boy and one for herself. She further testified that from the time he went away as above mentioned, down to the time of the trial, she had received no money or contribution from appellant to the support of their little son, in any way, and that her step-father and brother had been taking care of them. The case was tried the latter part of April 1922, and it thus appears that for about five months appellant had not supported or cared for his infant child. The child was approximately two years of age at the time and naturally wholly dependent upon those who were obligated by ties of nature and under the law to support, care for and maintain it. Appellant testified that he did not send any money to his wife for the support of the child because he did not know whether it would be used for that purpose or not. The solution of conflicting issues of fact is for the jury who have before them the witnesses and can observe them and their manner of testifying and more accurately judge of the truth and weight of their testimony. Under the facts given in testimony by State witnesses we believe appellant's guilt under the law to be established. We are not able to conclude that he brings himself within that class of cases which exhibit excuse or justification for failure to support his child or which remove from it the attribute of wilfulness on his part in such action. It would seem incredible that a healthy, strong young man in five months could not earn

enough money to contribute in part at least to the care and maintenance of his child.

By his bill of exceptions No. 3 appellant complains of the charge of the court. That part of the charge at which the exception is directed is as follows:

"Now, bearing in mind the foregoing instructions if you believe from the evidence that the defendant did, on or about the 1st day of December, A. D. 1921, wilfully and without justification, desert, neglect or refuse to provide for the support and maintenance of his child, to-wit: Luther Joe Pybus, the said Luther Joe Pybus being under the age of sixteen years and being in destitute and necessitous circumstances, in violation of the provisions of law herein given you, you will find the defendant guilty."

The complaint is of that portion of the charge which is as follows: "being in destitute and necessitous circumstances." In construing any phrase or paragraph or portion of the court's charge, we must look to the charge in its entirety, and we do not think the part of the charge complained of to be of such character as to be open to the objection that it is on the weight of the evidence or is a statement by the trial court of a fact. In this connection we call attention to the fact that a special charge asked by appellant was given, which is as follows:

"Gentlemen of the Jury: You are instructed that before you can find the defendant guilty, you must find and believe from the evidence beyond a reasonable doubt that the defendant, on or about December 1, 1921, wilfully and without justification deserted his child, Luther Joe Pybus, and neglected and refused to support and maintain him and that he, the said Luther Joe Pybus, was then in destitute and necessitous circumstances, and unless you so find and and believe you will acquit the defendant and so say by your verdict."

Taking the charge as a whole, we do not believe it susceptible of any construction of injury to appellant, or that it presented an erroneous instruction.

Appellant complains of the refusal of a charge asked by him to the effect that if he had provided a place with his father and mother where his wife and child could stay and be provided for, that he should be found not guilty. If we understand the record properly this charge was correctly refused because not called for by the evidence. There is some testimony suggesting that appellant's father and mother were willing to take the child for a part of the time and that his sister was also willing to take it for a part of the time, but there is no suggestion that appellant in any way provided any funds or means by which the child should be thus supported or maintained, nor is there any suggestion of the truth of the theory contained in said special charge, viz: that he had provided a place

where his wife and child could stay and be provided for. The trial court gives or refuses instructions as asked and we have no doubt of the correctness of his refusal of the special charge couched in the language same appeared.

As a general rule this court scrutinizes cases of this character with much care and caution, being fully aware of the ease with which the average juror may be affected by his own feelings of desire to see helpless women and children protected and cared for; we decline to affirm cases where the record does not satisfy our minds that the evidence before us supports each phase of the statute in question, but being of the opinion that in the case now under consideration there appears a total absence of any apparent desire on the part of the wife to wreak vengeance upon appellant or to punish him for any apparent inability to meet the duties devolving upon him, or showing any partiality on the part of the jury toward the woman or the child in the case, and believing that the evidence supports the conviction and that appellant has had a fair trial, an affirmance will be ordered.

*Affirmed.*

## ON REHEARING.

### June 6, 1923.

LATTIMORE, JUDGE.—Appellant insists that we erred in holding admissible the testimony as to the condition of the health of his wife at the time he left her, and at the time of the alleged desertion of the minor child, upon which this prosecution was based, and the further fact that appellant's wife gave birth to another child about two months after he went away. The offense, if any, committed by appellant is based upon the elements of wilfulness and lack of justification. We can not escape the proposition that if one be charged with desertion of his minor child and could establish the fact upon his trial that he left the child's mother in good health, holding a good position, capable of earning a good salary, that these things would be worthy of consideration in determining the wilfulness and lack of justification on his part. On the other hand we find ourselves unable to get away from the proposition that one who leaves his minor child at a time when its mother is incapable of working and making a living for it and herself, or in any way contributing to her part of the burden, of its support, this is entitled to consideration at the hands of the court or jury called upon to determine whether his action is wilful and without justification.

The only other question urged is that we erred in holding the evidence sufficient to support the proposition that he wilfully and without justification abandoned his minor child. We have again reviewed the facts which were submitted to the jury and passed upon

by them. Our own province in matters of fact is to ascertain if there be evidence sufficient to support the conclusion reached by the jury. They are made by law the exclusive judges of the credibility of the witnesses, of the weight of the testimony, and of the facts proven. Whether we would reach the same conclusion on the facts as that arrived at by the jury, is in nowise the question. Unless the record before us is so devoid of testimony supporting the conclusion reached, the rule of this court is to decline to interfere. We are not led to believe the verdict of the jury in this case to be without support in the testimony, or to reflect prejudice or passion on the part of said jury.

The motion for rehearing will be overruled.

*Overruled.*