ROBERT M. JOHNSON v. THE STATE.

No. 7556.   Decided October 24, 1923.

1.—Bigamy—Evidence—Husband and Wife.

Where, upon trial of bigamy, defendant had an examining trial before his final trial at which his former wife's testimony was reduced to writing and signed by her, which upon his final trial was introduced by the defendant, and which testimony showed that he was legally married to his first wife when he married the second wife, *held*, that this testimony could not be excluded after he was found guilty, and nothing appearing upon appeal which would show any unfairness on the part of the State or which would justify the reversal of the judgment the same must be affirmed.

### 2.—Same—Husband and Wife—Rule Stated—Waiver.

Article 795, C. C. P., forbids the State to call and use the wife of the accused as a witness against him, and therefore no objection to exclude her testimony is required, but where the defendant himself introduces her as a witness he waives his privilege to exclude it. Following Willingham v. State, 250 S. W. Rep., 530, and other cases.

### 3.—Same—Rule Stated—Evidence—Letters—Rebuttal—Waiver.

Where, upon trial of bigamy, defendant denied his remarriage to his former wife before he entered into the bigamous marriage, whereupon the State, in rebuttal, read in evidence his letters written to his former wife, in which he admitted that she was his wife and to which he made no objection at the time, nor did he make a motion to strike them out after they were so introduced in evidence, his objection to them, in his motion for a new trial, came too late, and he waived his privilege to exclude them. Following Ward v. State, 70 Texas Crim. Rep., 406, and other cases.

### 4.—Same—Evidence—Letters—Privileged Communication.

Upon trial of bigamy there was no error in admitting in evidence a certain letter written by the defendant to his divorced wife on the ground that it was a confidential communication from husband to wife, it not containing any communication occurring between them as husband and wife, and while Article 795, C. C. P., prohibited the State from calling defendant's wife as a witness, it expressly authorized him to call her as a witness, and there was, therefore, no reversible error in permitting him to introduce her testimony given at the previous examining trial, and which was reduced to writing at the time. Following Brock v. State, 44 Texas Crim. Rep., 340, and other cases.

### 5.—Same—Husband and Wife—Evidence—Rule Stated.

The State having waived its right to exclude the declarations of the wife as hearsay, no law known to this court precluded the use of them by the defendant, and where he voluntarily did so, in connection with his direct testimony, and nothing is discovered in the conduct of State's counsel which would justify an overturning of the verdict, there is no reversible error.

### 6.—Same—Sufficiency of the Evidence.

While defendant was at a disadvantage in conducting his own case, yet the law did not make it essential that the accused be represented by counsel, this court cannot ignore the evidence which is sufficient, and no errors being presented on review, must affirm the case; besides, it was sufficiently shown that defendant's first wife was his lawful wife when he entered into the bigamous marriage.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of bigamy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Harry C. Gerlach,* for appellant. On question of confidential communication, Hearne v. State, 97 S. W. Rep., 1050; Moore v. State, 75 id., 497; Walker v. State, 64 Texas Crim. Rep., 72.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* for the State. On question of introducing appellant's letters to his wife, there being no objection offered or motion to strike out, Owen v. State, 4 Texas Crim. App., 153; Hatch v. State, 6 id., 394; Ethridge v. State, 8 id., 133; Cavitt v. State, 15 id., 200; Smith v. State, 34 Texas Crim. Rep., 123; Waggoner v. State, 35 id., 255; Galloway v. State, 42 id., 381; Ellis v. State, 57 id., 601; Davis v. State, 154 S. W. Rep., 226; Ward v. State, 159 id., 279.

MORROW, PRESIDING JUDGE.—The offense is bigamy; punishment fixed at confinement in the penitentiary for a period of five years.

Appellant and Gladys Gifford were married in July, 1920, and divorced on November 14, 1921. In June, 1922, appellant was married to Ester Benair. This appear from appellant's testimony given as a witness in his own behalf. After the divorce, Gladys Johnson remained at the home of her mother until January, 1922. On December 9, 1921, appellant wrote her a letter, which was read in evidence, which began: "Dear Wife & Baby." In it he acknowledged the receipt of a "sweet letter" from her and said that he was willing to do what was right and that he wanted her to come back to him as he could not stay away from her and the baby. He then used this expression:

"Now, if you think I don't intend to marry you, I will go and get a license and send them to you and when you come, you can bring them back and we will get married again for never to part."

He said further:

"And if you care for me like you say you do, you may come as quick as possible."

A few days after this letter was written, appellant went to the home of the mother of Gladys Johnson and took her to Houston where he rented an apartment in which he, she and the baby resided. Appellant and Gladys occupied the same room and the same bed, and he held her out as his wife. This continued for several months, after which she returned to her mother's home. While there, he wrote several letters to her. These were written during the month of May, 1922. Some of them were addressed: "Dear Wife & Baby" and were affectionate in their tone,. though they stated no specific facts except he was sending some money and some pictures of the baby.

Appellant had an examining trial on July 11, 1922 in which Gladys Johnson testified. Her testimony was reduced to writing and signed by her. It was introduced by the appellant upon his trial. In it was embraced no fact not revealed from other testimony except that she said that on going to Houston on January 2, 1922, she and appellant went to a certain preacher and were married; that the ap-

pellant had previously arranged with the preacher; that he delivered an envelope to him and the marriage ceremony was performed; that after this they went to the abode provided by the appellant at which they lived.

Touching the marriage in January, appellant testified, in substance, that after his marriage to Ester Benair, Gladys Johnson charged him with bigamy "and says that I remarried her over again by the Reverend Lee." "She testified in court to that effect." Appellant then caused her testimony to be read, to which reference has been made.

Appellant seems not to have been represented by an attorney upon the trial. No objection was made to any of the testimony introduced; nor was there a motion to exclude it. This appeal is based upon the proposition that the letters in question were confidential communications between husband and wife and were privileged. Our statute on the subject, so far as pertinent, reads thus:

"Neither husband nor wife shall, in any case, testify as to communications made by one to the other, while married; nor shall they, after the marriage relation ceases, be made witnesses as to any such communication made while the marriage relation subsisted." (Art. 794, C. C. P.)

Another statute reads thus:

"The husband and wife may, in all criminal actions, be witnesses for each other; but they shall, in no case, testify against each other, except in a criminal prosecution for an offense committed by one against the other." (Art. 795, C. C. P.)

In Brock v. State, 44 Texas Crim. Rep., 340, this court said:

"The wife of appellant was used as a witness by the State and gave evidence of a most damaging character against him. She was required to hold up before the jury the family quarrels, the family disturbances, alleged assaults upon her by appellant, as evidence against him."

The statute (Art. 795, supra) forbade the State to call and use the wife of the accused as a witness against him. As a state's witness, she was disqualified. This was known to the State's counsel and the trial judge. Therefore no objection from the accused was required. It was so decided in Brock's case, supra.

In Ward's case, 70 Texas Crim. Rep. 406, the accused introduced his wife as a witness in his own behalf. She was cross-examined by the State without objection. It was held that in the absence of such an objection, the complaint that the cross-examination went beyond the permitted limits was not available on appeal. This distinction and principle has been affirmed in other cases. Some of them are listed in Willingham v. State, 94 Texas Crim. Rep., 596, 250 S. W. Rep., 530.

In the present case, several of the letters introduced and read in evidence were written by the appellant to Gladys Johnson at a time when she, according to the State's theory, was his wife. The letters were identified by the appellant in testifying as a witness and were received in evidence without objection. Our statute upon the subject embraces two phases. Article 795, C. C. P. forbids the wife to testify against her husband except in instances where he is charged with an offense against her. The appellant's wife was not called to testify against him. Article 794, C. C. P., conferred upon the husband the privilege of refusing to testify to confidential communications by him to his wife, and to have excluded the letters written by him to her. This was held in Gross v. State, 61 Texas Crim. Rep. 182. In other words, appellant had the privilege of excluding from the evidence the contents of the letters in question, and the fact that he had written them. The statute did not forbid the use of the letters against him as it forbade the testimony of the wife against the husband. In one case is established a privilege; in the other a disqualification. He had but to object and the court could not have used the letters nor the testimony relating to them. Gross v. State, 44 L. R. A. (N. S.) 477. By his acquiescence in the receipt of the testimony and the letters, he waived his privilege to exclude them. Wigmore on Evidence, Vol. 4, Sec. 2339; also Sec. 2340; Hampton v. State, 40 L. R. A., (N. S.) 43; Tex. C. C. P. Sec. 22; Sullivan v. State, 83 Texas Crim. Rep. 477.

The letter of Dec. 9, 1921, was written at a time when Gladys was not the wife of appellant and was not privileged because it was not a confidential communication from a husband to his wife. Underhill's Crim. Ev., 3rd Ed., Sec. 305, p. 429, note 36; also Art. 795, supra. While Article 795, C. C. P., prohibited the State from calling appellant's wife as a witness, it expressly authorized him to call her. She had given testimony at the examining trial, which was reduced to writing. Appellant desired to introduce it in his behalf, to which the State consented. The State could not have used this evidence. Woodall v. State, 58 Texas Crim. Rep. 516; Brock v. State, supra.

The State having waived its right to exclude the declarations of the wife as hearsay, no law known to us precluded the use of them by the appellant. The appellant on this appeal suggests that he was overreached and thereby induced to read the testimony in question. An examination of the record reveals that appellant voluntarily offered this record in connection with his direct testimony. He expressly stated more than once that he desired it read to the jury. Nothing is discovered in the conduct of the State's counsel which would justify overturning the verdict which has received the sanction of the trial court.

One conducting his own trial is at a disadvantage, and under such circumstances, the record is scrutinized with special care by this court. In a case less than capital, the law does not make essential that the accused be represented by counsel. This cannot be ignored by this court where the evidence is sufficient and no errors are presented for review.

We will add that the evidence, aside from that complained of on appeal, is deemed sufficient to show that Gladys Johnson was appellant's lawful wife when he married Ester Benair.

The judgment is affirmed. ·

*Affirmed.*