WILLIE MAIERHOFER, JR. V. THE STATE.

No. 10933.   Delivered May 25, 1927.

1.—Wife Desertion—Former Jeopardy—Properly Denied.

Where appellant presented a plea of former jeopardy in which it was shown that he had before been placed on trial for the same offense, and during the progress of the trial it was discovered that the complaint and

information erroneously placed the venue of the offense in Bexar County, where, upon motion of the County Attorney, the case was dismissed, his plea of jeopardy was properly overruled.

### 2.—Same—Evidence—Properly Admitted.

Where, on a trial for wife abandonment, as presented in this record, there was no error in permitting the state to show that after the abandonment by appellant of his wife, that she had given birth to a child, and that he had not contributed anything toward the expenses incident to the birth of the child. See Curd v. State, 86 Tex. Crim. Rep. 552, and other cases cited.

### 3.—Same—Evidence—Hearsay—Improperly Admitted.

Where, on a trial for wife abandonment, the state was permitted to prove by the wife that her father told her that someone told him that the appellant said he wished she and her baby were dead. This hearsay testimony was of so damaging a character as to necessitate the reversal of the case, by reason of its admission.

Appeal from the County Court of Guadalupe County. Tried below before the Hon. J. B. Williams, Judge.

Appeal from a conviction for wife desertion, penalty a fine of $100.

The opinion states the case.

*P. E. Campbell,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of wife desertion, and his punishment assessed at a fine of $100.

The appellant was charged under Art. 602, P. C., with unlawfully and wilfully abandoning his wife, refusing to provide for her support and maintenance, and leaving her in destitute and necessitous circumstances on or about the 2nd day of October, 1926. The appellant defended upon the ground that his wife's conduct was of such a nature that he was prevented from living with her, that he did not leave her in destitute and necessitous circumstances, and that he was willing to live with her again and properly provide for her.

The record contains four bills of exception.

In bill No. 3 complaint is made to the action of the trial court in overruling appellant's plea of former jeopardy, based upon the previous dismissal by the court at the request of the County Attorney of cause No. 5153, State of Texas v. Willie Maierhofer, Jr., wherein the appellant was charged by information

with the same offense alleged in the instant case. It appears that after the trial in said cause No. 5153 had begun and the state had introduced practically all of its testimony, the County Attorney, who had been using complaint forms printed for the County Court of Bexar County, discovered that the complaint in said cause alleged the offense to have been committed in Bexar County and that the information appeared to have been signed by the Assistant County Attorney of Bexar County, whereupon the cause was dismissed over appellant's objection. It is obvious, from the complaint and information, that the County Court of Guadalupe County had no jurisdiction over an offense alleged to have been committed in Bexar County, and the trial court, in the instant case, therefore committed no error in overruling the plea of former jeopardy based upon such dismissal.

In bills 1 and 2 complaint is made to the action of the court in permitting the state to prove by appellant's wife that a child had been born to her, and that the appellant did not pay any of the expenses incident to its birth. It is contended by the appellant that since he was charged with abandoning his wife, any evidence as to their having a minor child and as to the expenses incident to its birth was foreign to any issue in the case and therefore inadmissible. We are not in accord with this contention. The record discloses that in January following the alleged abandonment in October, a child was born to appellant and his wife, and the appellant being charged with wilfully abandoning his wife, and there being a sharp controversy between them as to whether or not he left her in destitute and necessitous circumstances, and there being an issue raised as to what became of certain property left by appellant with his wife, she having testified that she used a part of it to defray the expenses of childbirth, we are clearly of the opinion that the testimony complained of in these bills was admissible on the issue of wilfulness and also as a circumstance tending to show whether or not the appellant's wife was left in necessitous circumstances. Furthermore, the welfare of the wife and that of the child were so closely related that whatever affected the child would necessarily involve the mother. Curd v. State, 86 Tex. Crim. Rep. 552, 217 S. W. 1043; Pybus v. State, 94 Tex. Crim. Rep. 524, 251 S. W. 1058.

In bill No. 4 complaint is made to the action of the court in permitting the state to prove by appellant's wife that her father told her that someone told him that the appellant said he wished she and her baby were dead. The appellant urged a timely

objection to this testimony upon the ground that it was hearsay. After a careful examination of this bill, we are constrained to hold the appellant's contention is correct and that the trial court committed reversible error in admitting this testimony.   There can be no question but that this testimony was hearsay and of a very remote nature, and it was bound to be prejudicial to the appellant.   He testified, and introduced other evidence, contradicting this statement, and also testified that he was ready and willing to take his wife and support her.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.