**Arthur Lee ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45479.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

John R. Coe, Houston (Court appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Warren E. White, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment, thirty years.

The evidence shows that on the date in question the complaining witness, a Houston police officer, stopped an automobile in that city. The occupants of the automobile were Calvin Zuber, Evelda Miller (who was at that time the wife of the appellant) and the appellant. Zuber was the driver of the automobile. After the automobile was stopped, the appellant got out and went around to the driver's side and pulled a gun on the officer and took from him his pistol and the keys to his patrol car. He then reentered the car and the three drove away. They stopped a short distance from the scene of the robbery and appellant got out of the automobile to permit Zuber to take Evelda Miller to the hospital.[1]

1. The evidence shows that the appellant and Zuber had, earlier that day, gone to Evelda Miller's house to get some clothes. She refused appellant entry to the house and he fired a pistol through the door and wounded her.

When appellant got out of the car to allow Zuber to take Evelda Miller to the hospital, he had his pistol and the pistol that he had taken from the police officer wrapped in a newspaper. Soon thereafter, another Houston police officer arrested the appellant in a shopping center parking lot in Houston. He testified that as he approached the appellant, appellant laid a newspaper wrapped package containing two pistols on the pavement.

Appellant's sole ground of error states:

"The trial court committed material error, calculated to prejudice the Defendant's right to a fair trial by overruling the Defendant's Motion in Limine, filed February 8, 1971; and allowing the jury to hear the testimony, for the State, of Evelda Miller, the wife of the Defendant at the time of the alleged offense."

Article 38.11, Vernon's Ann.C.C.P., provides:

"Neither husband nor wife shall, in any case, testify as to communications made by one to the other while married. Neither husband nor wife shall, in any case, after the marriage relation ceases, be made witnesses as to any such communication made while the marriage relation existed except in a case where one or the other is on trial for an offense and a declaration or communication made by the wife to the husband or by the husband to the wife goes to extenuate or justify the offense. . . ."

The record reflects that witness Evelda Miller, who was married to the appellant at the time of the offense herein, was divorced from him at the time of the instant trial. She testified as a witness for the state and her testimony reveals substantially the facts as set out above.

In 61 Tex.Jur.2d, Witnesses, Section 82, page 634, it is written:

"A decree of divorce removes the bar that precludes a wife from testifying against her husband. Thereafter the woman may testify against her former husband in any character of case and as to any matters that are not confidential communications."

See also, 1 Branch's Ann.P.C.2d, Sec. 173.

The testimony herein, not being confidential communications, was admissible into evidence since the divorced wife of the appellant was a competent witness to testify. Pereira v. United States, 347 U.S. 1, 74 S. Ct. 358, 98 L.Ed. 435; Curd v. State, 86 Tex.Cr.R. 552, 217 S.W. 1043. See generally, 63 A.L.R. 107. Carabajal v. State, Tex.Cr.App., 477 S.W.2d 640, relied on by appellant, is distinguishable. The wife therein was not divorced from the defendant in that case.

There being no reversible error, the judgment is affirmed.