**Charles Michael BEAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60398.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 18, 1981.

Lawrence B. Mitchell, Dallas, on appeal only, for appellant.

Henry M. Wade, Dist. Atty., T. Michael Sutton, Wayne Huff and Bill Booth, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for murder. Punishment was assessed at twenty-five years' confinement.

At trial appellant's ex-wife was allowed to testify, over defense objection, that the instant offense occurred while she and appellant were husband and wife. She further testified that on the day of the offense and prior to the commission of the offense, appellant stated that he was going to kill the deceased, and later, that he had killed the deceased. These statements were made in the presence and hearing of appellant's mother as well as in the presence of his ex-wife. Appellant contends that these statements were privileged by virtue of Art. 38.11, V.A.C.C.P., and their admission into evidence constituted reversible error.

This statute provides, in pertinent part:

"Neither husband nor wife shall, in any case, after the marriage relation ceases, be made witnesses as to any communication made while the marriage relation existed...."

It is appellant's contention that communications between spouses made in the presence of third persons may be related in court *by those third persons only*. He relies on a statement to that effect in 61 Tex.Jur.2d, Witnesses, Sec. 102. That treatise in turn relies on dicta in *Gilmore v. State*, 91 Tex. Cr.R. 31, 241 S.W. 492 and *Graham v. State*, 28 Tex.App. 9, 11 S.W. 781.

We must reject this contention. Statements between husband and wife which are overheard by a third person do not come within the privilege of Art. 38.11, supra. See e.g. *Gibson v. State*, Tex.Cr.App., 516 S.W.2d 406, 409; *Stallings v. State*, Tex.Cr. App., 476 S.W.2d 679, 681; *Matlock v. State*, Tex.Cr.App., 373 S.W.2d 237, 238–39. Such communications witnessed by a third party simply lose their confidential character. *Harwell v. State*, Tex.Cr.App., 242 S.W.2d 388, 389.

Hence, since the ex-wife of appellant was no longer his spouse and therefore *competent* to testify, *Robinson v. State*, Tex.Cr. App., 487 S.W.2d 757, and since the communications in question were not *privileged* under Art. 38.11, supra, we perceive no error in the admission of the statements in question. Reliance on the erroneous statements in Tex.Jur.2d and the dicta which appear to support such statements is misplaced. The grounds of error are overruled.

The judgment is affirmed.