**Carlotta Yvonne ALLEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–86–101–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 30, 1987.

Bobbi L. Blackwell, Houston, for appellant.

John B. Holmes, Jr., Cathy Harasimchuk, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Carlotta Yvonne Allen, was originally indicted with a single paragraph for the offense of aggravated assault. She was subsequently reindicted with an additional paragraph of aggravated assault, plus one for attempted murder, and the first indictment was dismissed. During trial the State elected to abandon the first two paragraphs and proceed solely on the attempted murder charge.

Appellant entered a plea of not guilty. The jury found appellant guilty of attempted murder and assessed punishment at ten (10) years confinement in the Texas Department of Corrections.

Appellant appeals the judgment of conviction for the offense of attempted murder under the second indictment. We reverse the judgment of the trial court and remand the cause with instructions to dismiss the indictment.

Appellant presents five points of error. In points two and three she challenges the constitutionality of article 37.07 § 4 of the Texas Code of Criminal Procedure concerning parole and good time jury instructions. Appellant alleges in points four and five that the trial court erred in violating the spousal privilege rule contained in article 38.11 of the Texas Code of Criminal Procedure (repealed September 1, 1986), and in admitting testimony of an extraneous offense. We address only appellant's first point of error, in which she asserts the trial court committed reversible error in overruling her motion to dismiss under the Texas Speedy Trial Act.

A recitation of the procedural chronology of the case is necessary. Appellant was arrested on August 3, 1984, pursuant to a felony complaint charging her with aggravated assault. On August 13, 1984, she was indicted for aggravated assault, a third degree felony, in cause number 408090. The first indictment, containing a single paragraph, reads as follows:

CARLOTTA YVONNE ALLEN hereafter styled the Defendant, heretofore on or about July 22, 1984, did then and there

unlawfully intentionally and knowingly threaten imminent bodily injury to BARBARA PORSCHE MENSAH with the use of a deadly weapon, namely, a firearm.

Appellant entered a plea of not guilty and signed a waiver of speedy trial on August 15, 1984. The transcript shows appellant also entered into a series of agreed settings postponing the trial date to December 2, 1985. The State filed six written announcements of ready under the first cause number from August 23, 1984, through December 2, 1985.

On December 11, 1985, appellant was reindicted for attempted murder, a second degree felony, in cause number 438976. The second indictment contains the following three paragraphs:

CARLOTTA YVONNE ALLEN hereafter styled the Defendant, heretofore on or about July 22, 1984 did then and there unlawfully intentionally and knowingly threaten imminent bodily injury to BARBARA MENSAH with the use of a deadly weapon, namely, a firearm.

It is further presented that in Harris County, Texas, CARLOTTA YVONNE ALLEN, hereafter styled the Defendant, heretofore on or about July 22, 1984 did intentionally and knowingly cause bodily injury to BARBARA MENSAH by using a deadly weapon, namely, a firearm.

It is further presented that in Harris County, Texas, CARLOTTA YVONNE ALLEN, hereafter styled the Defendant, heretofore on or about July 22, 1984, did attempt to cause the death of BARBARA MENSAH by shooting BARBARA MENSAH with a firearm, having intent to commit murder.

The first indictment was dismissed on December 13, 1985. The State abandoned the first two indictment paragraphs during the trial and elected to proceed solely on the attempted murder (third) paragraph.

On January 15, 1986, appellant's counsel filed a pretrial motion to dismiss the second indictment on speedy trial grounds. The motion stated in pertinent part:

[The second] indictment was filed ... December 11, 1985 and the Defendant was arrested ... for the transaction out of which this case arose on or about August 8, 1984 and the State could not have been ready to try the charge in the above indictment within 120 days after said date as required by Article 32A.02 of the Texas Code of Criminal Procedure. Although Defendant was indicted under [the first indictment,] Cause No: 408090 for the offense of Aggravated Assault, the [second] indictment alleges a higher grade of offense which is a different offense subject to different proof and therefore not the same "case" even though from the same transaction. Consequently, any announcement of ready, in Cause No: 408090 does not apply to the [second] indictment.

The court overruled the motion to dismiss at a hearing held January 27, 1986. The case proceeded to trial under the second cause number on that date, well past the statutory 120 day speedy trial mandate. Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Pamph.Supp.1987).

Appellant contends in her first point of error that the State's announcement of ready, made pursuant to the first indictment, did not transfer to the second indictment. Therefore, the State violated the Texas Speedy Trial Act, since the second indictment was filed some sixteen months after appellant's arrest. We agree.

A review of reindictment case law establishes that the State's announcement of ready carries forward only if a subsequent indictment is for the *same offense, subject to the same proof,* arising from the transaction for which a defendant was originally arrested. *See Behrend v. State,* 729 S.W.2d 717 (Tex.Crim.App.1987). Conversely, if a subsequent indictment charges a different offense, different proof is required. Thus an announcement of ready under the first indictment will not transfer to the second. *Richardson v. State,* 629 S.W.2d 164 (Tex.App.—Dallas 1982, pet. ref'd).[1]

---

1. The holding of *Richardson v. State* was expressly approved in *Whaley v. State,* 717 S.W.2d 26, 29 (Tex.Crim.App.1986).

The *Richardson* court disagreed with the State's reasoning that the second indictment was merely a "reindictment." The court dismissed the second indictment, holding the State's announcement of ready under an indictment for theft did not carry forward to the subsequent indictment for burglary of a vehicle. Although the two offenses arose from the same transaction they were different offenses subject to different proof.

■ We find *Richardson* dispositive of the case before us. Although arising out of a single factual transaction, aggravated assault and attempted murder are two distinct offenses. Consequently, each is subject to a different burden of proof. We hold the State was not ready under the first indictment to sustain its burden of proof under the second, *i.e.*, to prove the requisite element of intent to commit murder rather than the intent to threaten imminent bodily injury. Therefore, we hold the State's announcements of ready under the first indictment (cause number 408090) did not carry forward to the second (cause number 438976). The State violated the 120 day mandate of the Texas Speedy Trial Act.

■ Using the same reasoning, we find as well that appellant's speedy trial waiver, filed under the original indictment, did not transfer to the subsequent offense charged under the second indictment. *See Luedke v. State*, 711 S.W.2d 657 (Tex.Crim.App. 1986). The trial court erred in overruling the motion to dismiss on speedy trial grounds. We sustain appellant's first point of error.

We hold appellant is entitled to relief under the Texas Speedy Trial Act. The judgment of the trial court is reversed and the cause remanded with instructions to dismiss the indictment. Appellant is discharged pursuant to the Speedy Trial Act. Tex.Code Crim.Proc.Ann. art. 28.061 (Vernon Pamph.Supp.1987).