**Carlotta ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–101–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 22, 1988.

Bobbi L. Blackwell, Houston, for appellant.

John B. Holmes, Jr., Cathleen Herasimchuk, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Carlotta Allen, appeals her conviction for the offense of attempted murder. TEX.PENAL CODE ANN. § 15.01 (Vernon Supp.1988). The jury rejected appellant's not-guilty plea and assessed punishment at ten (10) years confinement in the Texas Department of Corrections. We affirm.

On April 30, 1987, this court reversed the conviction in accordance with article 32A.02 of the Texas Code of Criminal Procedure ("the Speedy Trial Act"). *Allen v. State*, 730 S.W.2d 831 (Tex.App.–Houston [14th Dist.] 1987). On June 29, 1988, the Court of Criminal Appeals remanded the case to this court for re-consideration of this issue in light of *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1986), as well as consideration of appellant's other points of error. *Allen v. State*, 753 S.W.2d 404 (Tex.Crim. App.1988).

Appellant presents four points of error. In the first point, appellant maintains that the case should have been dismissed because the State violated the provisions of the Speedy Trial Act. In points of error two and three, appellant contends that article 37.07 of the Texas Code of Criminal Procedure violates the separation of pow-

ers. doctrine and denies her due process. In points of error four and five, appellant argues that the testimony given by her ex-husband cannot be used to support the conviction.

Viewed in the light most favorable to the verdict, the facts show that on July 22, 1984, the complainant, a Houston Metro bus operator, was given a ride to work by her supervisor and appellant's then husband, Lenton Allen. As the two were driving down the highway, appellant came up behind them in another car containing several people. The complainant noticed a car tailing them and discovered that appellant was in the backseat of that car. Appellant and the complainant looked at each other for a brief moment, then appellant pointed a gun at the complainant. Several shots were fired, one bullet actually hit the complainant and pierced her lung.

■ In point of error one, appellant argues that the trial court committed reversible error in overruling her motion to dismiss under the Speedy Trial Act. In *Meshell*, the court held that the Speedy Trial Act was unconstitutional. *Meshell*, 739 S.W.2d at 258. An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. *Jefferson v. State*, 751 S.W.2d 502 (Tex.Crim. App.1988); *Reyes v. State*, 753 S.W.2d 382 (Tex.Crim.App.1988). *But see, Rose v. State*, 752 S.W.2d 529, 553 fn. 4 (Tex.Crim. App.1988); *Stevenson v. State*, 751 S.W.2d 508 (Tex.Crim.App.1988) (Miller, J. concurring and Duncan, J. dissenting). Appellant did not raise State or Federal constitutional speedy trial claims. Thus, appellant's contention, based only upon the Speedy Trial Act, is now moot. Point of error one is overruled.

■ In points of error two and three, appellant contends that article 37.07, section 4, of the Texas Code of Criminal Procedure violates the separation of powers doctrine and due process of law under the State and Federal Constitutions. The court in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim. App.1988), recently held that Article 37.07, section 4(a), was unconstitutional under the Texas Constitution for these reasons. On rehearing, the court in *Rose* changed the

standard of review from a two-tier, objected-to and unobjected-to harm analysis to an across the board "statutory" analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure. Pursuant to Rule 81(b)(2), if the record reveals error, the judgment shall be reversed unless such error was harmless beyond a reasonable doubt.

Appellant was convicted of and sentenced for attempted murder. After reading the statutory parole instruction, the trial judge also read to the jury the following instruction:

> You are not to discuss among yourselves how long the Defendant would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas.

In the absence of proof to the contrary, it is presumed that a jury follows the instructions given by the judge. *Gardner v. State,* 730 S.W.2d 675 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987); *Cobarrubio v. State,* 675 S.W.2d 749 (Tex.Crim.App.1983). Appellant does not demonstrate that the jury failed to follow this instruction. The fact that appellant's sentence was actually lower than the punishment requested by the State during jury argument indicates that the jury obeyed the trial court's admonition that such matter is not within their province.

The facts of this case militate in favor of the assessed punishment. The evidence shows that appellant previously confronted the complainant and had made threatening phone calls. On the day of the shooting, appellant followed her then husband and the complainant as they were riding in his car. When appellant caught up with the husband's car, she shot at the complainant and shattered out the glass in the front passenger window where the complainant was sitting. Appellant's next bullet entered the complainant's back, pierced her lung, and exited through her chest. The complainant and the ex-husband stated when they saw appellant in the car which was tailing them,

appellant's expression was angry and wild looking. The complainant testified that she thought she was going to die. The State did not mention the statutory parole instruction nor encourage consideration of the parole law in assessing the punishment. The foregoing demonstrates that the erroneous instruction did not affect appellant's sentence. The error in submitting the instruction was harmless beyond a reasonable doubt, and it made no contribution to the punishment assessed. TEX.R.APP.P. 81(b)(2). Appellant's remaining claim that the parole instruction is infirm under the Federal Constitution is also without merit. The United States Supreme Court has previously held that informing the jury about the defendant's chances for parole or clemency "did not render [such instruction] constitutionally infirm." *See California v. Ramos,* 463 U.S. 992, 1013, 103 S.Ct. 3446, 3460, 77 L.Ed.2d 1171 (1983). Points of error two and three are overruled.

In point of error four, appellant complains that the trial court erred in allowing her ex-husband to testify against her over her objection. Because appellant's trial commenced on January 27, 1986, former article 38.11 of the Texas Code of Criminal Procedure applies. *Willard v. State,* 719 S.W.2d 595, 600 (Tex.Crim.App.1986). Former article 38.11 provides in part:

> Neither husband nor wife shall, in any case, testify as to communications made by or to the other while married. Neither husband nor wife shall, in any case, after the marriage relation ceases, be made witnesses as to any communication made while the marriage relation existed except in a case where one or the other is on trial for an offense and a declaration or communication made by the wife to husband or by the husband to the wife goes to extenuate or justify the offense. The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution.

■ Former article 38.11, contains an absolute disqualification of one spouse as a witness against the other in a criminal

case. It also creates a privilege which can be waived by the party entitled to the same. Thus, as to the absolute disqualification under article 38.11, it is reversible error for the State to call the accused's spouse as a witness and force the accused to object in the presence of the jury. *Stewart v. State,* 587 S.W.2d 148 (Tex.Crim.App.1979); *Johnigan v. State,* 482 S.W.2d 209 (Tex.Crim. App.1972). The absolute prohibition against adverse spousal testimony, given while the parties are married, could not be waived by failure to object. *Johnigan,* 482 S.W.2d at 210.

◼ Once the marital relationship is terminated by divorce, the absolute disqualification of a spouse is no longer applicable. He or she then becomes a competent witness against the other except that there remains a privilege available to the accused as to communications made while the marriage relationship existed. *Bear v. State,* 612 S.W.2d 931 (Tex.Crim.App.1981); *Bruni v. State,* 669 S.W.2d 829 (Tex.Crim.App. —Austin 1984, no pet.). Therefore, a divorced husband may testify to any matters which are not confidential communications and the mere fact that he was the husband of the accused when the matter sought to be elicited occurred would not prima facie make such matters privileged. *Curd v. State,* 217 S.W. 1043 (Tex.Crim.App.1920); *Bruni,* 669 S.W.2d at 834.

In this instance, appellant and her ex-husband were divorced at the time of trial. Thus, the ex-husband was fully competent to testify as to the events surrounding the alleged offense. *Robinson v. State,* 487 S.W.2d 757 (Tex.Crim.App.1972); *Bear v. State,* 612 S.W.2d at 932.

◼ Appellant also contends that her ex-husband's testimony regarding a letter she had written violated article 38.11. Appellant held the privilege to exclude the letter's admission into evidence as a confidential communication but chose not to exercise it. Appellant did not object to the letter's admission. In fact, appellant specifically agreed to the admission of the letter and the reading of its contents to the jury. Having waived the privilege, appellant cannot now complain. *Johnson v.*

*State,* 95 Tex.Cr.R. 483, 255 S.W. 416, 417 (1923); *Bruni,* 669 S.W.2d at 835. Point of error four is overruled.

◼ In point of error five, appellant complains about the admission of her ex-husband's testimony regarding her previous use and possession of a .38 pistol. The record reveals that this same evidence was elicited by the appellant during cross-examination of the ex-husband as well as the complainant. Further, this same evidence was repeated without objection during the State's re-direct examination of these witnesses. When the accused offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, the accused is not in a position to complain on appeal. *Maynard v. State,* 685 S.W.2d 60, 65 (Tex.Crim.App. 1985); *Womble v. State,* 618 S.W.2d 59, 62 (Tex.Crim.App.1981).

◼ Appellant next argues that this testimony was highly prejudicial and served no purpose except to show that appellant was a criminal in general. On cross-examination, appellant raised the defensive theory that she was not the trigger person. Having raised the issue of identity it was proper for the State to show that appellant carried and exhibited a .38 pistol and that such a pistol was found to have been used in the shooting. *Siqueiros v. State,* 685 S.W.2d 68, 71 (Tex.Crim.App.1985); *Williams v. State,* 662 S.W.2d 344, 345–346 (Tex.Crim.App.1983); *Jones v. State,* 587 S.W.2d 115, 119 (Tex.Crim.App.1978); Tex. R.Crim.Evid. 404(b). Point of error five is overruled.

The judgment is affirmed.