No. 2638.

FRANK JOHNSON *v.* THE STATE.

PRACTICE—EVIDENCE—WITNESS.—The husband or wife is competent to testify for the other in a criminal prosecution, but not for the State, unless the prosecution be for an offense committed by the one against the other. This rule is not relaxed by a mere separation of the spouses without a legal severance of the marriage relation.

APPEAL from the County Court of Brazos. Tried below before the Hon. D. C. Barmore, County Judge.

The conviction in this case was for an aggravated assault upon Sally King, a female, the penalty assessed being a fine of twenty-five dollars.

The question determined on this appeal does not require a statement of the proof.

*J. A. Buckholts,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried and convicted in the lower court for aggravated assault upon one Sally King. Sally King was appellant's step-daughter. Over objections of defendant, his wife, who was the mother of the injured party, was introduced as a witness by the prosecution and allowed to testify against him, as shown by his bill of exceptions.

A husband or wife may, in all criminal actions, be witnesses for each other, but they are expressly prohibited by statute from being witnesses against each other, except in prosecutions for offenses committed by the one against the other. (Penal Code, art. 735; Compton v. The State, 13 Texas Ct. App., 271; Thomas v. The State, 14 Texas Ct. App., 70.)

It is shown by the testimony of the wife that she left her husband on the day of the alleged assault upon her daughter; that she had not returned to or cohabited with him since, and that she did not intend to live with him again. Such conduct on her part, however, did not operate a dissolution of the mar-

riage, or so alter the relations of the parties in contemplation of law as to render her a competent witness in the case against the husband.     (Clanton v. The State, 20 Texas Ct. App., 615; Johnson v. The State, Id., 609.)

The Assistant Attorney General confesses error on behalf of the State in the ruling of the court in admitting the wife to testify, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 26, 1889.