### JAMES R. BAXTER V. THE STATE.

*No. 633. Decided May 27.*

1. **Slander of Wife by Her Husband.**—On the trial of a husband for the slander of his wife, where the evidence showed that he had had repeated acts of carnal intercourse with her previous to their marriage, a statement by him that he had been deceived, and that her child, born within a month after their marriage, was not his child, is not slander in contemplation of law, because slander is only predicable upon the fact that the alleged slandered female is a chaste woman.

2. **Same—Statutes Construed.**—Our statutes relating to slander are intended only for the protection of the chaste woman, whether married or unmarried.

3. **Husband and Wife as Witnesses Against Each Other—Statute Construed.**—The Code of Criminal Procedure, article 735, expressly provides, that the husband and wife "shall in no case testify against each other, except in a criminal prosecution for an offense committed by one against the other." *Held*, that this statute, properly construed, means an act of personal violence by one against the other.

4. **Same.**—The wife is an incompetent witness against her husband, where he is being prosecuted for a slander uttered against her. Following Compton v. The State, 13 Texas Criminal Appeals, 271.

APPEAL from the County Court of Rusk. Tried below before Hon. J. S. HENDRICK, County Judge.

This appeal is from a conviction for slander, the punishment being a fine of $150 and six months' imprisonment in the county jail.

The party alleged to have been slandered by defendant was his own wife. The case is sufficiently stated in the opinion.

*Turner & Turner, Jones & Jones,* and *W. C. Buford,* for appellant.

The court erred in permitting defendant's wife to testify against him, over his objections. Code Crim. Proc., arts. 734, 735; Thomas v. The State, 14 Texas Crim. App., 70; Johnson v. The State, 27 Texas Crim. App., 135; and strongly in point, Overton v. The State, 43 Texas, 616; . Compton v. The State, 13 Texas Crim. App., 271.

It is no offense to impute a want of chastity to a female already unchaste, because the imputation would be true. Shaw v. The State, 28 Texas Crim. App., 236; Crane v. The State, 30 Texas Crim. App., 464.

A husband is not indictable for slandering his wife. The State v. Edens, 95 N. C., 696; same case, 59 Am. Rep., 294.

*R. L. Henry,* Assistant Attorney-General, for the State.—1. Mrs. Baxter was a competent witness against her husband. He had committed an offense against her—he had slandered her. A husband may slander the wife. The statute is broad enough to include such persons, as well as all others. Penal Code, art. 646; Code Crim. Proc., arts. 734, 735.

2. The testimony of the various witnesses to whom appellant repeated the slander was admissible to show wantonness and willfulness, this question being an issue. This testimony showed a disregard of human rights and a malicious mind. McMahon v. The State, 13 Texas Crim. App., 220; Wiseman v. The State, 14 Texas Crim. App., 74; Lagrone v. The State, 12 Texas Crim. App., 426.

3. When a person seduces a girl under the promise of marriage, and she thereby becomes pregnant, and he afterwards marry her, and in two weeks after the marriage she gives birth to a child, he is guilty of slander in charging that some other man is the father of the child. By marrying her he condoned the offense and made her his true and lawful wife, and her purity as a wife dates from the time of the seduction. The law permitted him to condone the offense and avoid the penitentiary by marrying the debauched woman, and exempted him from punishment for the seduction. The civil statutes make the child begotten out of lawful wedlock legitimate by the marriage, and make the child a lawful heir as any other child. The statutes, both civil and criminal, and the policy of the law, throw the veil of charity over the female's acts, and place her on a plane with all other women, beyond suspicion and reproach, when she marries her seducer, until she commits some new act of unchastity. In the eyes of the law she is regarded, and her children are regarded, as though no act of impropriety had ever been committed. The law, the marriage, the righting of the wrong by the seducer, throw a veil of unsullied purity about her, and she is raised to the sphere of all other married women, and in this status is and should be exempt from the wicked tongue of slander. Her past misfortune should not be a license for strong men to drag her down further, by spreading slander and desolation of honor throughout the country.

Because a man seduces a girl under the sacred promise of marriage, he does not thereby place himself in a position to traduce and slander her after his marriage to her for her dishonor brought about by him when she was wooed by him. This is not the spirit and chivalry of the law, but it is the other way precisely.

Appellant did not make out his case by proving his charge, but tries to rely for his defense upon the admissions of his debauched victim. Let this court take a bold stride, whether or not any other court has done so in such a case as this, and lay down a new rule and a new and wholesome precedent. Penal Code, arts. 814, 816; Sayles' Ann. Stats., art. 1656; Hartwell v. Jackson, 7 Texas, 576.

HENDERSON, JUDGE.—The appellant in this case was tried in the court below on an indictment charging him with slander, was convicted and his punishment assessed at a fine of $150 and six months' imprisonment in the county jail; and from the judgment and sentence of the lower court he prosecutes this appeal.

The slander, as alleged in the indictment, is as follows: "That the said J. R. Baxter did then and there falsely, willfully, maliciously, and wantonly say of and concerning one Mittie Baxter, in the presence and hearing of Ross Norvell and divers other persons, in substance, that he, the said J. R. Baxter, had been deceived, and that the child of Mittie Baxter was not the child of said J. R. Baxter, but was the child of one Houston, meaning thereby that the said Mittie Baxter had given birth to the child and that the said Houston, a person other than the husband of said Mittie Baxter, had had carnal intercourse with her, the said Mittie Baxter, and was the father of said child, the said Mittie Baxter being then and there the lawful wife of said J. R. Baxter." The record in this case shows, that the defendant married Mittie Baxter on the 8th of January, 1892, and that about a week thereafter he took her to Louisville, Ky., where, on February 3rd following, she was delivered of a child. He returned to Texas, leaving her in Louisville, and the words set out in the indictment as constituting the slander were spoken by him of and concerning his wife after his return from from Kentucky. The evidence on the part of the State shows various acts of carnal intercourse on the part of the defendant with the said Mittie Baxter, nee Tips, prior to their intermarriage; and the question here presented for our consideration is, whether a husband, who has previous to his intermarriage had carnal knowledge of his wife, can slander her by imputing to her a want of chastity under the circumstances of this case. The gravamen of this offense is the imputation of a want of chastity to a female alleged to be slandered. If the prosecutrix in this case, as is conceded by the State, had repeated acts of carnal intercourse with the defendant prior to their marriage, could she, under such circumstances, be regarded as a chaste woman? Suppose he had never married her, and had spoken the words alleged against him in this case concerning her, would proofs of the facts of this case be a good defense against the accusation of slander? Most assuredly they would. Then, does it follow that, because he subsequently married the prosecutrix, he by these means wiped out the stigma of unchastity which by her own voluntary act she had brought about? And, if this sexual intercourse rendered her unchaste, was she the subject of slander, which can only be predicated of a chaste woman? If this be true, can it be urged that what the defendant said of and concerning her—that she had also had intercourse with another person besides himself—made him guilty of slander? If, by her previous ill conduct in this regard, she had destroyed her virtue and rendered herself unchaste, we fail to see how an accusation of a want of chastity with any number of persons could affect the question. How-

ever the moral sentiment may be shocked at the man who could be brute enough, after marrying a woman whom he knew to be unchaste at the time of his marriage, to upbraid her for her past-conduct, and much more falsely accuse her of carnal intercourse with other men besides himself, yet our statute on the subject fails to reach such a case, as it is intended only for the protection of the chaste woman, whether married or unmarried.

Another question presented by the assignments in this case is the right of the wife to testify against the husband. Our statute provides (article 735, Code of Criminal Procedure), that "the husband and wife may in all criminal actions be witnesses for each other, but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other." This has been construed to mean some act of personal violence by the one against the other. Overton case, 43 Texas, 616; Whart. on Ev., sec. 392. In Compton v. The State, 13 Texas Criminal Appeals, 271, which was a case of incest, the wife was introduced against the husband, and for this error the case was reversed and remanded, and the reasoning of the court presented in said case is applicable to the present case. Following said decision, we hold that the testimony of the wife in this case was not admissible.

For the errors discussed, the judgment is reversed and the case remanded.

*Reversed and remanded.*

Judges all present and concurring.