### L. B. MILLER V. THE STATE.

*No. 1176.   Decided April 28th, 1897.*

1. **Abortion Upon a Female Who Afterwards Married Defendant—Wife as a Witness.**

On a trial for abortion upon an unmarried female who subsequently married the defendant, where the wife was, over objections of defendant, permitted to testify against him, Held: Under provision of Art. 775, Code Crim. Proc., she was incompetent to testify, notwithstanding she was not the wife of defendant at the time of the transaction; and the acts of violence constituting the abortion were not acts of personal violence, if any, directed against defendant's wife, because she was not his wife at the time.

2. **Abortion—Wife as a Witness Against the Husband.**

The wife is a competent witness against her husband only in cases of personal violence by the husband against her, and an abortion produced with her consent, by administering certain drugs to her, is not such personal violence in contemplation of the statute.

3.    Abortion—Prosecutrix Not an Accomplice.

In cases of abortion, the injured female is not an accomplice, and the law with regard to the corroboration of accomplice testimony is not applicable to her evidence.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction for abortion; penalty, seven years' imprisonment in the penitentiary.

This is a cause in which appellant and the alleged injured woman had been guilty of repeated acts of sexual intercourse. They lived near the town of Richardson, in Dallas County, he being a young physician and unmarried, and she a young unmarried woman of about 21 years of age. She was desirous of marrying, but defendant was not willing to this. She fixes the date of the abortion as November 18, 1895, while she was living with the widow, Mary Wheeler. She was unquestionably sick at that time, and there were blood stains upon her clothing and upon the bed. At the time she said that her trouble was caused by delayed and painful menses, from which she was in the habit of suffering. In a few days she was well of this sickness, and matters went on as before with them until about the 20th of January, 1896, when appellant was surprised, and found undressed and in her bed. After being thus caught, she began prosecuting him first for seduction, then for abortion. Upon the filing of the second complaint, appellant married her, on the 27th of January, 1896. But as he did not live with her, she renewed the prosecution for abortion, and at the trial was the only witness who testified to defendant's guilt.

*Seay & Seay, R. T. Shelton* and *A. I. Hudson,* for appellant, as to the incompetency of the wife to testify, cited Arts. 774, 775, Code Crim. Proc.; Dill v. State, 1 Tex. Crim. App., 278; Johnson v. State, 27 Tex. Crim. App., 135; Byrd v. State, 33 Tex. Crim. Rep., 470; McLain v. State, 33 Tex. Crim. Rep., 521; Owen v. State, 56 Amer. Rep., 40; State v. Jolly, 32 Amer. Decs., 656; and as a case directly in point, State v. Evans, 39 S. W. Rep., 462.

In the case of Navarro v. State, 24 Tex. Crim. App., 378, the abortion was occasioned by the husband kicking the wife and inflicting personal violence on her; and it was held, on account of the personal violence thus inflicted, that she was a competent witness.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief for the State found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—Appellant was convicted of abortion, and his punishment assessed at confinement in the penitentiary for a term of seven years; hence this appeal. The record contains thirty-six bills of exception, but only such will be considered as we deem necessary to a proper disposition of this case. A number of these bills

(beginning with the first) relate to the testimony of Mrs. Allene Miller, formerly Miss Allene Turnage, appellant objecting to her testimony on the ground that she was his wife. The record shows without controversy that at the time of the alleged offense, to-wit: on the 18th of November, 1895, the prosecutrix, then Miss Allene Turnage, was an unmarried woman; that on the 27th of January, 1896, she and the defendant were married. The indictment in this case was presented on the 8th of February, 1896, and the conviction occurred on the 8th of September, 1896. The record shows that said witness, Mrs. Allene Miller, testified, over appellant's objections, he insisting that she was his wife, and was not authorized or permitted to testify against him. The conviction was had mainly, if not entirely, upon her evidence. We presume the ruling of the judge authorizing her to testify was based upon one or two propositions: First, that the matters to which she was called to testify about, transpired before the intermarriage between the prosecutrix and defendant; and, second, that her testimony was authorized, because the abortion was personal violence by the husband against her. At common law neither the husband nor the wife were admissible as witnesses in a case, civil or criminal, in which the other was a party. See, 1 Greenl., Ev., Sec. 334; and authorities cited in note 2. Our statute on the subject has modified the rule. See, Code Crim. Proc., 1895, Arts. 774, 775. We quote the last article, to-wit: "The husband and wife may in all criminal actions be witnesses for each other, but they shall in no case testify against each other, except in a criminal prosecution for an offense committed by one against the other." This statute has been construed with such strictness as that a wife, though introduced for the husband, cannot be cross-examined, except as to matters brought out and directly involved in the examination in chief. See, Creamer v. State, 34 Texas, 174; Greenwood v. State, 35 Texas, 587; Washington v. State, 17 Tex. Crim. App., 197; Johnson v. State, 28 Tex. Crim. App., 17; Bluman v. State, 33 Tex. Crim. Rep., 43; Hoover v. State, 35 Tex. Crim. Rep., 342. We are not aware, however, that it has been construed with reference to transactions occurring prior to the marriage. At common law the principle of exclusion applies in its fullest extent, wherever the interest of either of the spouses is directly concerned. Where the defendant married one of the plaintiff's witnesses after she was actually summoned to testify in the suit, she was held incompetent to give evidence. See, 1 Greenl., Ev., Sec. 336. Mr. Greenlief refers to the case of Pedley v. Wellesley, 3 Car. & P., 559. In that case it was insisted that a party to a suit could not, by marrying his adversary's witness, deprive him of the benefit of the evidence of such witness, and more particularly where the action had been commenced, and the party actually subpœnaed, before the marriage took place. The case of an underwriter was cited, in which it was held that a party to a suit cannot, by any act of his, deprive his adversary of the testimony of the witness, whether the act be laudable or otherwise. The court, however, held that the

37th Tex. Crim. Rep.—37.

case of an underwriter was not analogous with the case of a married woman, she not being allowed to testify to transactions occurring before the marriage; and forms an exception to the general rule that neither a witness nor a party can, by his own act, deprive the other party of the right to the testimony of the witness. We have been referred to the case of State v. Evans (Mo. Sup.), 39 S. W. Rep., 462, which is much in point. That was a case where Evans was indicted for rape on a girl then under 14 years of age (which is the age of consent in Missouri). Subsequent to the alleged rape, he married the prosecutrix, and she was introduced as a witness against him over his objections. In that State there is statute similar to our own, allowing the wife to testify in favor of the husband, but not against him. The facts in that case show said rape to have been committed with the consent of the prosecutrix. It was urged, however, that this was a criminal injury to the wife, and came within the exception allowed at common law. The court, on this point, said: "This contention ignores the limitation of the exception itself. Ex vi termini a wife is only admitted to testify concerning criminal injuries to herself as a wife, not to a woman who was not at the time of the injury the wife of the defendant. We agree with counsel that both the rule and its exceptions are founded in public policy, but the legislature of this State has announced the public policy of this State. With this subject before it for its consideration, it has declined to relax or change the common law so as to render the wife a competent witness against her husband in a criminal prosecution of this kind. It permits her to testify for him at his option, but not against him. Rev. Stat., Mo., 1889, § 4218. And they may testify against each other in suits for divorce. Id., § 8918. The careful expression of these two cases in which a wife may testify excludes all other exceptions save those already enumerated, and which descended to us with the rule itself. The court clearly erred in admitting the wife as a witness over and against the defendant's objections and exceptions." If we follow the rule laid down in this case, it would apply directly; that is, Allene Turnage was not the wife of the appellant at the time the transaction occurred about which she was called to testify. She was his wife at the time she was placed upon the stand. If it be conceded that the acts constituting the abortion stated in the record were acts of personal violence, they were not at the time directed against his wife. They subsequently married, and the statute by its terms, excludes the wife from testifying against her husband, except as to acts of personal violence against her. However, the acts constituting and causing the alleged abortion in this case were the administration of certain drugs, no force being used in the administration thereof, and apparently with her consent. Even in the case of the administration of poison with malicious intent to take life, it has been held in this State that this did not constitute an assault, but was controlled by our statute on the subject with reference to administering poisons to another with intent to kill and injure such person. See, Gar-

net v. State, 1 Tex. Crim. App., 605. All of the cases that we are aware of in this State, where it has been held that the wife was a competent witness against the husband, were cases of personal violence by the husband against her. See, Willson's New Code Crim. Proc., Art. 775, and authorities there cited. We accordingly hold that the wife was not a competent witness against the husband, and the court erred in permitting her to testify, over appellant's objections. It is also contended that the wife, Allene Miller, was an accomplice. The court gave an instruction confining the question of accomplice to her being merely an accessory. Appellant excepted to this charge, and asked a charge directly treating her as an accomplice, so far as her testimony was concerned, and requiring it to be corroborated. Under the decisions of this State, she was not an accomplice, and no corroborative evidence was necessary, if she was permitted to testify at all. See, Watson v. State, 9 Tex. Crim. App., 238; Willingham v. State, 33 Tex. Crim. Rep., 98; 1 New Amer. and Eng. Ency. of Law, p. 192, notes 1, 2. There are numerous other assignments in the record, but in the view we take of the case it is not necessary to discuss the same. For the error pointed out in permitting the wife of the appellant to testify the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*