## John T. Spivey v. The State.

### No. 2831.   Decided November 25, 1903.

**1.—Evidence—Relevancy of Statement Made to Expert.**

The facts of the case developed that before the trial an expert on the disease of insanity had made a thorough examination of this question and had examined the accused in person, had talked with him and heard his statements, whereupon defendant's counsel, who had interposed the plea of insanity for accused, proposed to prove by the expert upon the trial what was said by the accused to the expert during said examination in regard to the cause of the killing of deceased, for the purpose of producing all the facts upon which the expert based his opinion as to the insanity of accused and to establish the latter's insane delusion. Held, the court erred in excluding said testimony.

**2.—Same—Wife's Testimony—Statement Made Under Arrest.**

Accused placed his wife on the stand as a witness and the court permitted the State to have her state, in addition to a conversation which defendant was permitted to show had occurred between himself and wife after the killing, that her husband wanted her to come to his trial and testify to certain facts and that it would go hard with him if she refused. Held that the court should have excluded this testimony.

**3.—Charge of Court—Murder in Second Degree.**

A charge of the court on murder in the second degree which required the jury to find affirmatively that the defendant did not act under the immediate influence of sudden passion, before they could relieve him from punishment for murder in the second degree, is erroneous.

**4.—Same—Instrument Used.**

See charge on the instrument or means used, by which a homicide is committed, held to be defective in this character of case.

**5.—Same—Conversation.**

An assumption by the charge of the court of a conversation when the proof showed that no such conversation occurred is error.

Appeal from the District Court of Falls.   Tried below before Hon. Sam R. Scott.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life•in the penitentiary.

The opinion sufficiently states the evidence, on the points at issue.

*Rice & Bartlett, J. W. Spivey,* and *Z I. Harlan,* for appellant.

*Howard Martin,* Assistant Attorney-General for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction resulted in a life sentence in the penitentiary for murder in the first degree. The killing was unquestionably proved; in fact there was no issue on this phase of the case. Insanity was the defense. This issue was raised by a great mass of testimony from quite a number of witnesses, to the effect that appellant a few months before the homicide had conceived the idea that deceased was intimate with his wife. Deceased had been boarding in the family, and was a young man about 23 years of age. The wife was 47 years old. It may be stated, without summing up the testimony, there were no facts which to the rational mind would justify such conclusion. Appellant finally caused deceased to leave his house. From the time appellant conceived this idea of the relation of his wife and deceased, his whole manner of life seemed to completely change. He continually talked about it. It seemed to be ever present with him when about home. His wife became frightened, sent for her son Don Spivey, who had been in the Indian Territory or Oklahoma, to return home. He did so, and acted rather in the assumed position of guardian for his father. He talked with him a great deal about his troubles, and tried to convince him that there was nothing in his statement. Appellant would admit this and immediately began talking on the same subject again. This was continued until subsequent to the homicide. Among other witnesses summoned were Dr. Graves, superintendent of the Lunatic Asylum at San Antonio; Dr. Worsham, superintendent of the Lunatic Asylum at Austin; Dr. Wallace, former superintendent; Dr. Rice, Dr. Allen, and Dr. Sewell. They, except Dr. Wallace, came to Marlin in advance of the trial for the purpose of obtaining data relative to the mental and physical condition of appellant. They had defendant and witnesses before them, made a thorough examination of the antecedents of his family and all the circumstances which tended to throw light upon the subject. The evidence before them was from both sides, State and defense. The examination seemed to be very thorough, and the conclusion reached by these physicians was unanimous, that he was insane. They examined appellant in person, talked with him and heard his statements.

Among other things he proposed to prove by Dr. Graves what was said by appellant to him in regard to the cause of the killing of deceased, which would have been substantially that testified to by the wife, son and father of appellant. This was excluded by the court on the ground that it was irrelevant, immaterial and self-serving. It was offered for the purpose of producing all the facts upon which Dr. Graves and Dr. Worsham based their opinion as to the insanity of defendant, and as tending to elicit and establish the insane delusion appellant was laboring under as to the infidelity of his wife, and the good faith of his belief as to the supposed adulterous intercourse of his wife at the time of the examination as well as at the time of the homicide. We believe this testimony should have been admitted. Burt v. State, 38 Texas Crim. Rep., 397.

45 Crim.—32.

Mrs. Spivey was placed on the stand as a witness in behalf of her husband, and testified that about dark after the killing an officer placed her husband under arrest, spent the night at their residence, and left with appellant for the county site the following morning. They were permitted to occupy the same room that night. That they retired about 9 o'clock, but neither of them slept any during the night; that her husband wanted her to come to his trial and testify that deceased had made indecent proposals to her; and she told him she would not do so. He then wanted her to say that Hoffman, (deceased), had made indecent proposals to her, and she told him she could not do so; that he further stated that it would go mighty hard with him if witness did not so testify. He did not say what they would likely do with him; and did not state further than that it would go mighty hard with him. He did not mention the punishment of hanging or any punishment; but just stated that it would go mighty hard with him. He was then under arrest. Subsequently motion to exclude this testimony was made and overruled. The court explains as follows: "This conversation was a part of the same conversation, and took place during the time of the conversation which defendant was permitted to show had occurred between himself and wife after the killing, though counsel for defendant had not asked witness any questions relative to what defendant stated, he wanted her to swear to, nor as to whether he thought he would be punished." This testimony should have been excluded; first appellant was under arrest; second, it was a confidential communication between appellant and his wife. Arts. 774, 775 Code Crim. Proc.; Brock v. State, 71 S. W. Rep., 31; Blooman v. State, 33 Texas Crim. Rep., 64., Hoover v. State, 35 Texas Crim. Rep., 345; Jones v. State, 13 Texas Crim. App., 100; Gaines v. State, 13 Texas Crim. App., 218; Penny v. State, 42 S. W. Rep. See also Barth v. State, 46 S. W. Rep., 228; Hurst v. State, 40 S. W. Rep., 264.

Exception was reserved to the following portion of the court's charge on murder in the second degree: "If therefore you believe from the evidence that defendant unlawfully killed deceased, and in doing so did not act under the immediate influence of sudden anger, rage, resentment or terror arising from an edequate cause; that is, such cause as would commonly produce such passion in the degree that would in a person of ordinary temper render the mind incapable of cool reflection, the killing under such circumstances would be upon implied malice, and he would be guilty of murder in the second degree; and if you so find beyond a reasonable doubt, you will find defendant guilty of murder in the second degree," etc. Various objections are urged to this charge, which we think are well taken. The jury were required here to find affirmatively that defendant did not act under the immediate influence of sudden passion before they could relieve him from punishment for murder in the second degree. This is a change of the doctrine of reasonable doubt. If there was a reasonable doubt upon this proposition, appellant was entitled to it. Again, if the jury found that he did not act under sudden passion,

then, of course, they could not convict him of murder in the second degree, but left them to convict of murder in the first degree, which they promptly did. A charge upon manslaughter was not given, nor was a definition of adequate cause; and the failure to do so left but two degrees of culpable homicide for the investigation of the jury, to wit, murder in the first and second degrees. So, if they found he acted under sudden passion produced by an adequate cause, being guilty of some offense, he was necessarily guilty of murder in the first degree; because, under the charge given, he could not be guilty of murder in the second degree, inasmuch as the jury are affirmatively charged that, if they found he did not act under immediate influence of sudden passion, he would be guilty of murder in the second degree. Therefore, if he acted under the immediate influence of sudden passion, and being guilty of some offense, it would necessarily follow he would be guilty of murder in the first degree. See Neyland v. State, 13 Tex. Crim. App., 546; Pollard v. State, 73 S. W. Rep., 955; Whitaker v. State, 12 Texas Crim. App., 443; Brunet v. State, 12 Texas Crim. App., 535.

Compaint is made of this excerpt from the charge: "The instrument or means by which a homicide is committed are to be taken into consideration in judging the intent of the party offending. If the instrument be one not likely to produce death it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." While this abstractly considered is the law, yet in this character of case it should not be given. Smith v. State, 19 Texas Crim. App., 110.

The charge with reference to the testimony of A. M. Spivey will not arise upon another trial, unless the testimony introduced would suggest it. It should not have been given on this trial. The issue was not raised by the record as we understand it. Spivey was asked with regard to a conversation with the wife of defendant, which he denied; and here the matter ended. The court charged the jury that they would not consider evidence of the conversation between A. M. Spivey, the father of defendant and the wife of defendant, except for the purpose of affecting the credibility of A. M. Spivey, the father. This was an assumption by the charge of the conversation, when the proof showed that no such conversation occurred.

Exception was reserved to the argument of State's counsel, and the failure of the court to eliminate the same by a charge. This will not arise upon another trial, and its discussion is pretermitted.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*