Norman ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35830.

Court of Criminal Appeals of Texas.

May 29, 1963.

Rehearing Denied June 29, 1963.

Vernon McDaniel, Wichita Falls, for appellant.

Donald E. Short, County Atty., Glynn R. Purtle and Ray Gene Smith, Asst. County Attys., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is aggravated assault by an adult upon a child; the punishment, 2 years in jail.

The complaint was sworn to by W. R. Truitt, father of the wife of the appellant and grandfather of the child Garry Hill.

The appellant was Garry's step-father, he having married Anelia who was the mother of four children born of a previous marriage.

Garry was the oldest of the children, being 7 years old at the time in question. He was to some extent mentally retarded and when called to the witness stand was excused without being interrogated.

Mr. Truitt testified that he saw Garry about 7:30 on Monday and observed that "his eyes were black—under his eyes and his face was swollen and his lip puffed out, blackened under his upper lip." The witness admitted that he filed the complaint before he saw Garry on said date. He was permitted to testify that his daughter, the appellant's wife, told him on Sunday that Garry's injuries were "administered" by the appellant (her husband) on November 7th, and that she also told him that she was afraid to file charges herself.

He also testified that the appellant's wife told him that her two other children, Jimmy and Larry, received injuries by beating administered by the appellant on the same day Garry received his, and that she told him that her husband "knocked her down on the floor and twisted her arm" and "he hit her in the face and blackened her eye" and "while she was on the floor and couldn't get up why he beat up on the children * * hit them in the face and beat them up * * *."

On cross-examination Mr. Truitt testified: "I had my daughter's word for it", but admitted that he did not with his own eyes see anyone strike Garry Hill on November 7th.

Thereafter the appellant testified and called his wife as a witness who corroborated his testimony that he slapped Garry to punish him for having cursed. Under the appellant's testimony and that of his wife the acts of the appellant did not exceed his parental right of moderate restraint or correction of the children.

The state introduced in evidence a written statement of appellant's wife, after cross-examining her in regard thereto, in which she said her husband beat her and beat the three childern, describing in detail the injuries she said he inflicted upon each of them.

■ Without regard to whether her statements to others became admissible to impeach her after she was called as a witness by her husband and gave testimony contrary thereto, such statements of the wife to others could not be used against her husband in proof of the allegations of the information.

■ In the first place, the testimony as to her prior statements was hearsay and, though such evidence may became admissible to affect the credibility of a witness, it is not original evidence which will support a conviction. Where, as here, the witness

fails to make out a case and the state has no other witnesses to do so, there was nothing to gain in impeaching her. See 1 Branch's Ann.P.C.2d Ed., Sec. 186, p. 197, and cases cited.

The prior statements of the witness were not competent evidence for the further reason that the witness was the wife of the defendant

Art. 714 Vernon's Ann.C.C.P. provides, in part:

"The husband and wife may, in all criminal actions, be witnesses for each other; but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other."

This Court said, in Woodall v. State, 58 Tex.Cr.R. 513, 126 S.W. 591, 60 L.R.A. 465:

"While there was no exception reserved to the statements of the witness Scott, yet the testimony of the wife, either directly or through hearsay, cannot be used by the state as a predicate for the conviction of the husband in cases of this character."

In Brock v. State, 44 Tex.Cr.R. 335, 71 S.W. 20, the basis of the rule was discussed at some length by Presiding Judge Davidson, and the conclusion was reached that the wife was an incompetent witness whose evidence cannot be used against the husband even by his consent, and that offenses against her child are not offenses against the wife.

See also Bush v. State, 159 Tex.Cr.R. 43, 261 S.W.2d 158; 44 Tex.Jur., Sec. 68, p. 1025; 1 McCormick & Ray, Texas Law of Evidence 2d Ed., Sec. 367, p. 318, and Sec. 372, p. 323.

The evidence being insufficient to sustain the conviction, the judgment is reversed and the cause remanded.