Joe Angel CARABAJAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 44682.

Court of Criminal Appeals of Texas.

March 15, 1972.

Tom Upchurch, James D. Durham, Jr., Amarillo, for appellant.

641

Andrew J. Shuval, Hereford, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary. The jury assessed the punishment at five years, probated.

The sufficiency of the evidence is not challenged and facts regarding the alleged offense are not necessary for the disposal or understanding of this appeal.

Appellant complains only of the trial court's allowing his wife to testify against him at the punishment stage. Over appellant's objections she testified that appellant had hit her two or three times on the arm with a hammer and slammed the door on her foot. She filed charges against him for assault (which had not yet been tried) and for possession of marihuana (which, according to the appellant, turned out to be pipe tobacco). Article 38.11, Vernon's Ann.C.C.P., provides that a husband and wife shall in no case testify against each other in a criminal prosecution with certain limited exceptions. The present case did not come under any one of the exceptions.

The State argues that appellant's wife was called to testify about an extraneous offense in rebuttal of appellant's testimony on direct examination which constituted a waiver by the appellant.

Article 38.11, supra, disqualifies a wife as a witness against her husband in this case and the disqualification cannot be waived. Rogers v. State, Tex.Cr.App., 368 S.W.2d 772; Bush v. State, 159 Tex.Cr.R. 43, 261 S.W.2d 158. See Hagans v. State, Tex. Cr.App., 372 S.W.2d 946, and Krzesinski v. State, 169 Tex.Cr.R. 178, 333 S.W.2d 149.

The judgment is reversed and the cause remanded.