Eugene H. **VELASQUEZ,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1347–85.

Court of Criminal Appeals of Texas, En Banc.

April 8, 1987.

Richard E. Langlois, court appointed on appeal, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty. and Karen Amos and Daniel Thornberry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant for the offense of murder, V.T.C.A. Penal Code, § 19.02, and the court assessed punishment at life imprisonment after appellant pled true to an enhancement paragraph, V.T.C.A. Penal Code, § 12.42(c).

In the court of appeals, appellant's sole ground of error alleged that the State committed reversible error by calling appellant's wife as a witness in violation of Art. 38.11, V.A.C.C.P. The court of appeals sustained appellant's contention, and reversed and remanded the cause for a new trial. *Velasquez v. State*, 700 S.W.2d 765 (Tex.App.—San Antonio 1985). In ruling as it did, the San Antonio Court of Appeals "politely reject[ed] the reasoning" which had led the First Court of Appeals in Houston to permit spousal testimony under an exception contained in Art. 38.11, supra. See *Willard v. State*, 682 S.W.2d 686 (Tex. App.—Houston [1st] 1984). We granted the State's petition for discretionary review in this cause to resolve this conflict in the courts of appeals. See Tex.R.App.Pro. Rule 200(c)(1). We have previously resolved the conflict, however, in our decision in *Willard v. State*, 719 S.W.2d 595 (Tex. Cr.App.1986). To properly decide the issue in the instant cause, we need only follow our holding in *Willard*, supra.

Undisputed evidence at trial established that Diamatina Covarrubia was the wife of appellant at both the time of the offense and the time of trial. Covarrubia testified, *inter alia*, that appellant approached her and Hector Frometa, who were sitting in Frometa's automobile, and shot Frometa "around six times" in the head. Covarrubia also testified that appellant shot her once "on [her] left hip."

The State urges that the wife's adverse testimony falls within one of the statutory exceptions to spousal disqualification in Art. 38.11, the exception concerning offenses "involving any grade of assault or violence by one [spouse] against the other." This Court's decisions in *Young v. State*, 603 S.W.2d 851 (Tex.Cr.App.1980) and *Willard v. State*, supra, dispose of the State's contention.*

In *Young v. State*, supra, the spousal disqualification exception "involving any grade of assault or violence by one [spouse] against the other" was also at issue. In *Young*, supra, the defendant was charged with aggravated assault of his brother-in-law. Although his wife was an occupant of the car into which the defendant rammed his automobile, "the wife was not the injured party *in the case being tried*." *Young v. State*, supra, at 853, (On State's motion for rehearing) (emphasis added). Because the wife was not the injured party alleged in the offense, she was not competent to testify against her husband.

In *Willard v. State*, supra, this Court noted, "*Young* was decided in accord with cases before and after the enactment of Article 38.11, supra. *Young* is here controlling and calls for a reversal of the conviction." *Willard v. State*, supra, at 600. The same holds true for the instant cause.

The judgment of the court of appeals is affirmed.

WHITE, Judge, dissenting.

The instant case involves an incident where the appellant violently assaulted both his wife and her boyfriend during the same course of conduct. The majority has decided that appellant's wife was disqualified as a witness against him because of the spousal testimonial privilege set out in Article 38.11, V.A.C.C.P. The majority cites *Willard v. State*, 719 S.W.2d 595 (Tex.Cr.App.1986) and *Young v. State*, 603

---

* Although the defendant in *Willard*, supra, objected to the testimony of his wife, it is of no consequence that the appellant in the instant cause did not, since the disqualification of a spouse as an adverse witness under Art. 38.11, supra, cannot be waived. See *Johnigan v. State*, 482 S.W.2d 209, 210 (Tex.Cr.App.1972).

S.W.2d 851 (Tex.Cr.App.1980) in support of its decision.

For the reasons set out in my dissenting opinion to *Willard,* supra, at 601, I would hold that Art. 38.11 permitted the appellant's wife to testify against him at trial. The language of Art. 38.11 sets out an exception to the privilege against adverse spousal testimony. Article 38.11 states "a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other." Under this exception to the privilege, appellant's wife was properly allowed to testify against her husband.

I would overrule *Young v. State* and its predecessors. I respectfully dissent.

McCORMICK, J., joins.