**Paul STERLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–137–CR.**

Court of Appeals of Texas, Austin.

Aug. 14, 1991.

Discretionary Review Refused Nov. 20, 1991.

Raymond L. Kohler, Austin, for appellant.

William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated assault. Tex.Pen.Code Ann. § 22.02 (1989 & Supp.1991). The district court assessed punishment, enhanced by two previous felony convictions, at imprisonment for twenty-five years.

The victim of the assault was appellant's wife. She testified that appellant struck her with his fists, a tape recorder, a brick, and a telephone.

In his only point of error, appellant contends the district court erred by permitting his wife to testify against him over his objection that her testimony violated the confidential communication privilege. Tex. R.Cr.Evid.Ann. 504(1) (Pamph.1991). Under this rule, and with certain exceptions we need not discuss, a person may prohibit the disclosure of a confidential communication made to his spouse while they were married. Appellant argues that conduct constitutes communication within the meaning of the rule. Thus, appellant contends that his assaultive conduct was a confidential communication made to his wife that she could not disclose at trial over his objection.

 Prior to the adoption of the Rules of Criminal Evidence, the admissibility of spousal testimony in criminal trials was governed by 1973 Tex.Gen.Laws, ch. 399, § 2(A), at 972. [Tex.Code Cr.P.Ann. art. 38.11 (1979), repealed effective September 1, 1986]. Under that statute, it was held that the marital communication privilege applied to utterances and not to acts. *Carter v. State,* 550 S.W.2d 282, 286 (Tex.Cr.

App.1977); *Grundstrom v. State,* 456 S.W.2d 92, 93 (Tex.Cr.App.1970). *See also* 1 Ray, Texas Law of Evidence § 436 (3d ed. 1980).[1] There is nothing in Rule 504(1) to indicate that it was intended to abrogate that holding, and it has been followed in one reported decision under the new rule. *Freeman v. State,* 786 S.W.2d 56 (Tex.App. 1990, no pet.). We hold that appellant's abusive treatment of his wife was not a confidential communication between spouses under Rule 504(1).

Appellant cites several opinions discussing the propriety of permitting a spouse to testify to conduct by the other spouse. But each of these cases involved the application of the art. 38.11 prohibition on one spouse testifying against the other; the opinions do not even suggest that the confidential communication privilege applied. *See Velasquez v. State,* 727 S.W.2d 580 (Tex.Cr.App.1987); *Willard v. State,* 719 S.W.2d 595 (Tex.Cr.App.1986); *Young v. State,* 603 S.W.2d 851 (Tex.Cr.App.1980); *Garcia v. State,* 573 S.W.2d 12 (Tex.Cr. App.1978); *Allen v. State,* 761 S.W.2d 384 (Tex.App.1988, pet. ref'd). The point of error is without merit.

The judgment of conviction is affirmed.

---

**1.** To say that the privilege extends only to "utterances" is not strictly correct, as the privilege has been applied to letters and diary entries. *See* Ray, *supra,* and cases there cited. Perhaps it would be more accurate to say that the privilege applies only to verbal communication, i.e., communication by means of words.